F. Carrera & Brother, Petitioners, *v.* Foote, District Judge, Respondent.

## Application for a Writ of Certiorari to the District Court of Mayagüez in an Action of Intervention.

No. 239.—Decided December 12, 1918.

Appeal—Transcript of Record—Amendment—Discretion of Court.—The fact that the transcript of the record filed in due time was attested only by the plaintiff-appellant and by one of the two defendant-appellees in the procedure regulated by Act No. 13 of November 14, 1917, constitutes a defect which may be corrected by leave of the court in the exercise of its sound discretion even after the expiration of the time allowed for filing the transcript.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the petitioners.

Mr. Chief Justice Hernández delivered the opinion of the court.

This is a proceeding brought by F. Carrera & Brother for a writ of certiorari to review the proceedings in the District Court of Mayagüez in an appeal taken by José Surís Cardona from a judgment rendered by the municipal court of said city in an action for the trial of the right to personal property.

The writ having issued and the records to be reviewed having been sent up to this court in accordance therewith, the following facts are shown by the said petition and record:

José Surís Cardona filed a complaint of intervention in ownership of personal property in the Municipal Court of Mayagüez against F. Carrera & Brother and Juan Surís Cardona and judgment having been rendered dismissing the complaint, the intervenor appealed, giving notice of the appeal to both defendants. The transcript of the record was filed

in the District Court of Mayagüez within the legal period, but was certified to only by the attorney for the plaintiff in intervention and the attorney for defendants F. Carrera & Brother. The other defendant, Juan Surís Cardona, did not enter appearance. F. Carrera & Brother filed a motion for the dismissal of the appeal on the ground that the transcript had not been certified to by defendant Juan Surís Cardona or by his attorney, and at the hearing on said motion counsel for intervenor José Surís Cardona moved for leave to file the assent of the other defendant, Juan Surís Cardona, in case the court should hold that the transcript ought to be certified to also by him. By its order of October 28, 1918, the court overruled the motion of F. Carrera & Brother and granted the plaintiff-appellant five days in which to file in the clerk's office the conformity of defendant Juan Surís Cardona with the said transcript so that it might be complete for the purposes of the appeal. By a marginal note written over his signature on the transcript of the record defendant Juan Surís Cardona expressed his conformity therewith on November 1, 1918.

The petitioners allege that the order of the District Court of Mayagüez of October 28, 1918, openly violates the provisions of Act No. 13 of November 14, 1917, amending section 1 of An Act to regulate appeals from judgments of municipal courts in civil cases, approved March 11, 1908, for in the said order the Mayagüez court exceeded its jurisdiction by granting the appellant a remedy not provided for by law and extending a term which had already expired so that appellee Juan Surís Cardona might record his conformity with the transcript already filed by the appellant.

Without entering upon a discussion of whether or not Juan Surís Cardona is a necessary party to the appeal, inasmuch as that question has not been raised by the parties, we understand that the transcript of the record was filed within the time prescribed by law and that the fact that it was not

certified to by one of the defendants, Juan Surís Cardona, is a defect that may be corrected by leave of the court, as in fact it was. And the court did not lack jurisdiction to grant that permission, the granting of which is governed only by the sound discretion of the court, which the judge does not appear to have abused, in view of the circumstances of the case. Those very circumstances would incline us not to make use of our discretion to grant the writ of certiorari, which, as we have repeatedly stated, is not a writ of right, but should be granted only when a special cause therefor is shown to the court.

The writ of certiorari is discharged and the original record will be returned to the lower court.

*Writ discharged and record remanded.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.